156 N.J. Super. 19 (1977)
383 A.2d 431
JOSEPH VIERA, ET AL., PLAINTIFFS-APPELLANTS,
v.
TOWN COUNCIL OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS; JOHN T. FAHY, MAYOR OF PARSIPPANY-TROY HILLS; COUNTY OF MORRIS; STATE OF NEW JERSEY (DEPARTMENT OF TRANSPORTATION), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1977.
Decided December 6, 1977.
*20 Before Judges ALLCORN, MORGAN and HORN.
Mr. Joel A. Murphy argued the cause for appellants (Messrs. Mills, Hock & Murphy, attorneys; Mr. John B. Dangler on the brief).
*21 Mr. Bertram J. Latzer argued the cause for respondent municipal defendants (Messrs. Pendleton and Latzer, attorneys; Ms. Barbara A. Morgan on the brief).
Mr. John H. Dorsey, Assistant County Counsel, argued the cause for respondent county (Mr. Armand L. D'Agostino, County Counsel, attorney).
Ms. Jane Sommer, Deputy Attorney General, argued the cause for respondent New Jersey Department of Transportation (Mr. William F. Hyland, Attorney General, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).
PER CURIAM.
The present proceeding in lieu of prerogative writs has been brought by various taxpayers and residents of Brooklawn Drive, Parsippany-Troy Hills, to compel the adoption and enforcement of traffic regulations such as would reduce the quantity of vehicular traffic on Brooklawn Drive. The complaint seeks to compel defendant (1) to take action to insure against any further increase of vehicular traffic on the street; (2) and (3) to restrict Brooklawn Drive to local traffic only and to strictly enforce all traffic safety regulations, and (4) require the municipality to find a viable solution to said traffic problems before the approval of any further subdivisions which might contribute to any increase in traffic problems.
There is no dispute that Brooklawn Drive is a municipal street. As such, the sole authority to control and regulate its use by motor vehicles rests with the municipality by delegation from the Legislature, subject only to limited oversight by the State in the approval or disapproval of certain enumerated traffic regulations, if adopted by the municipality. N.J.S.A. 40:48-2; N.J.S.A. 39:4-197; Samuel Braen, Inc. v. Waldwick, 28 N.J. 476 (1958). The exercise of that authority within the ambit of the delegation is a matter of legislative discretion to be exercised by the *22 municipal governing body, by the adoption of general regulations "in the interests of the welfare of the inhabitants [of the municipality] and the persons who use the highway," which bear a direct relationship to the public safety and are reasonable and not arbitrary. Braen, supra at 481.
In the present case it is plain that the complaints and concerns of the residents of Brooklawn Road have been brought to the attention of the municipal authorities and that they, in turn, have investigated the problem and have had a number of traffic and engineering studies made by both their own personnel and independent consultants. As a result of their conclusions following consideration of the reports and recommendations of those studies, the governing body determined that the changes requested by the residents were not feasible or practicable, and declined to adopt or enact them.
Where, as here, the governing body of a municipality is vested with and enjoys a considerable degree of discretion in the exercise of its functions, so long as it operates within its delegated authority, "it is well established that the courts will not interfere with the manner in which it exercises its power in the absence of bad faith, fraud, corruption, manifest oppression or palpable abuse of discretion. * * *" Newark v. N.J. Turnpike Authority, 7 N.J. 377, 381-382 (1951). There is no assertion in the present case of any such impropriety.
Consequently, the action of the trial judge in dismissing the complaint  whether treated as a motion for summary judgment or as a motion to dismiss the complaint for failure to state a cause of action  was quite appropriate. For, quite plainly, on the pleadings, affidavits and exhibits no issue of fact was presented as to whether the municipality was guilty of bad faith, fraud, corruption, manifest oppression or palpable abuse of discretion. Id.
Accordingly, the judgment of the Law Division is affirmed.